IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STEPHANIE LOUISE H.,[1] | 6:18-cv-01332-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LISA GOLDOFTAS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3858

	Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Stephanie Louise H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further administrative proceedings.

## ADMINISTRATIVE HISTORY

On October 3, 2014, Plaintiff protectively filed her

application for DIB benefits. Tr. 19, 149-50.[2] Plaintiff alleges a disability onset date of April 7, 2013. Tr. 19, 149. Plaintiff's application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 4, 2017. Tr. 19, 38-62. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On May 23, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 19-29. Plaintiff requested review by the Appeals Council. On May 22, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On July 19, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

**BACKGROUND**

Plaintiff was born on February 7, 1973. Tr. 27, 149.

---

[2] Citations to the official Transcript of Record (#15) filed by the Commissioner on December 28, 2018, are referred to as "Tr."

Plaintiff was 40 years old on her alleged disability onset date. Plaintiff has completed high school, attended college, and obtained an Associate Degree. Tr. 27, 42. Plaintiff has past relevant work experience as a lab-sample carrier. Tr. 27.

Plaintiff alleges disability due to anxiety, depression, "liver," and "weak bones." Tr. 64.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 23-26.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*,

640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences

reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The

criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also*

*Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since April 7, 2013, Plaintiff's alleged disability onset date. Tr. 21.

At Step Two the ALJ found Plaintiff has the severe impairments of anxiety disorder, alcohol abuse, depression, bipolar disorder, schizoaffective disorder, attention-deficit disorder (ADD), and a history of an eating disorder. Tr. 21.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 22. The ALJ found Plaintiff has the RFC to

perform a full range of work at all exertional levels with the nonexertional limitation that she should not have any exposure to cold or hazards such as machinery and unprotected heights. The ALJ also found Plaintiff can understand, remember, and carry out only short and simple instructions due to side effects from medications and her mental impairments; can make only simple work-related judgments and decisions; should not have any proximity or interactive contact with the public; should not have more than occasional interactive contact with coworkers and supervisors; and should not have more than occasional changes in a routine work setting. Tr. 23.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a lab-sample carrier. Tr. 27.

In the alternative, at Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as marking clerk, garment-sorter and routing clerk. Tr. 28. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 28.

## DISCUSSION

### I. The ALJ erred in her assessment of Plaintiff's RFC.

Plaintiff contends the ALJ erred when she failed to include in her assessment of Plaintiff's RFC a limitation that Plaintiff

can understand only one- and two-step instructions as Dorothy
Anderson, Ph.D., a state-agency psychologist, concluded.

**A.  Standards**

As noted, at Step Three if the ALJ determines the
claimant's impairments are not so severe as to preclude
substantial gainful activity, the ALJ must assess the
claimant's RFC.  20 C.F.R. § 404.1520(a)(4)(iii).  *See also
Keyser*, 648 F.3d at 724.  The claimant's RFC is an assessment of
the sustained, work-related physical and mental activities the
claimant can still do on a regular and continuing basis despite
her limitations.  20 C.F.R. § 404.1520(e).  *See also* SSR 96-8p.
"A 'regular and continuing basis' means 8 hours a day, for 5 days
a week, or an equivalent schedule."  SSR 96-8p, at *1.

**B.  Analysis**

On June 12, 2015, Dr. Anderson considered Plaintiff's
mental residual functional capacity (MRFC).  Tr. 80-83.
Dr. Anderson noted Plaintiff is "not significantly limited" in
her "ability to understand and remember very short and simple
instructions" and is "moderately limited" in her "ability to
understand and remember detailed instructions."  Tr. 80.
Dr. Anderson explained:

> [Plaintiff's] mental health conditions impair her
> ability to understand/remember detailed

>           instructions on a sustained basis, however,
>           [Plaintiff] can perform simple one and two step
>           instructions.  She cannot follow/remember highly
>           detailed instructions well.

Tr. 81.  Dr. Anderson also opined Plaintiff could "consistently maintain" concentration, persistence, and pace "for 2-3 step tasks for normal 2[-]hour work periods" and "could occasionally complete more detailed tasks."  Tr. 81.

The ALJ gave Dr. Anderson's opinion as to Plaintiff's mental condition "some weight" on the ground that it is "generally consistent with the record as a whole."  Tr. 26.  As noted, the ALJ included in Plaintiff's RFC a limitation that Plaintiff could "carry out only short and simple instructions."  Tr. 23.

Plaintiff, however, contends the ALJ in effect rejected Dr. Anderson's opinion limiting Plaintiff to one- to two-step instructions (analogous to reasoning Level 1) when the ALJ erroneously found Plaintiff is capable of performing past relevant work and other occupations that require reasoning Level 2.  The Commissioner, in turn, contends Plaintiff does not identify any error in the ALJ's analysis of Dr. Anderson's opinion, and, in any event, the ALJ properly determined Plaintiff's RFC based on substantial evidence in the record. The Commissioner also contends although there may be

11 - OPINION AND ORDER

"ambiguities" in Dr. Anderson's opinion, the ALJ resolved any such ambiguities by giving Dr. Anderson's opinion "some weight" rather than adopting it entirely.

There are six GED Reasoning Levels that range from Level One (simplest) to Level Six (most complex). *Dictionary of Occupational Titles* (DOT)(4th ed. 1991), App. C, § III, 1991 WL 677702. The lowest two levels are:

> Level 1: Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

> Level 2: Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

*Id.* Dr. Anderson's assessment of Plaintiff's limitation to one- or two-step instructions is more analogous to reasoning Level 1. The ALJ, however, failed to include this limitation in Plaintiff's RFC and instead limited Plaintiff to performing tasks that required "short and simple instructions," which is more analogous to reasoning Level 2 and, therefore, conflicts with Dr. Anderson's assessment.

To support her position Plaintiff relies on the Ninth Circuit's holding in *Rounds v. Commissioner of Social Security,*

807 F.3d 996 (9th Cir. 2015). In *Rounds* the Ninth Circuit held there is an inconsistency between reasoning level 2 and a limitation to 1-2 step instructions. The Court remanded the case for further administrative proceedings to allow the ALJ to resolve that conflict. 807 F.3d at 1004.

In *Zavalin v. Colvin* the Ninth Circuit found a claimant's limitation to simple, routine tasks was at odds with the Reasoning Level 3 requirements of occupations that the ALJ concluded the claimant was able to perform. 778 F.3d 842, 847 (9th Cir. 2015). The Ninth Circuit held: "When there is an apparent conflict between the vocational expert's testimony and the DOT — for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle — the ALJ is required to reconcile the inconsistency." 778 F.3d at 846 (citing *Massachi v. Astrue,* 486 F.3d 1149, 1153-54 (9th Cir.2007)).

Here the ALJ did not address or resolve the conflict between the the one- to two-step limitation (reasoning Level 1) found by Dr. Anderson and the reasoning Level 2 requirements of Plaintiff's prior occupation and the other occupations determined by the VE. Pursuant to SSR 00-4p the ALJ has an affirmative duty to "ask the expert to explain the conflict and

'then determine whether the vocational expert's explanation for the conflict is reasonable' before relying on the expert's testimony to reach a disability determination." *Id.* (quoting *Massachi,* 486 F.3d at 1152-54); SSR 00-4p, 2000 WL 1898704, at *2, *4 (Dec. 4, 2000)).

In this case the ALJ determined Plaintiff was able to perform her past relevant occupation of lab-sample carrier (reasoning Level 2) as well as other occupations that the VE testified were at a reasoning Level 2: *e.g.*, marking clerk, routing clerk, and garment-sorter. Tr. 28, 58. The ALJ, however, only included in her hypothetical to the VE a limitation of "short and simple instructions" in accordance with the ALJ's assessment of Plaintiff's RFC and did not include a limitation of "simple one- or two-step instructions" that more closely reflects a reasoning Level 1 as determined by Dr. Anderson.

On this record the Court concludes the ALJ failed to reconcile the apparent conflict between her assessment of Plaintiff's RFC as including a limitation to "short and simple instructions," which compares to a Level 1 reasoning, and the Level 2 reasoning requirements of the past relevant occupation of lab-sample carrier that the ALJ found Plaintiff could perform

together with the other Level 2 occupations based on the VE's testimony.

## **REMAND**

The Court must determine whether to remand this matter for further proceedings or to remand for the calculation of benefits.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Carmickle*, 533 F.3d at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required

15 - OPINION AND ORDER

> to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

As noted, the Court concludes the ALJ failed to reconcile the apparent conflict between the limitations the ALJ included in her evaluation of Plaintiff's RFC and the reasoning-level requirements of Plaintiff's prior occupation as well as the other occupations that the ALJ concluded Plaintiff could perform. Thus, the ALJ must resolve these conflicts to determine whether Plaintiff is disabled and, in addition, to pose an accurate hypothetical to the VE to determine whether there are other occupations in the national economy that Plaintiff can perform.

The Court, therefore, remands this matter to the ALJ for further administrative proceedings consistent with this Opinion and Order.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four

of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 26th day of June, 2019.

                                          /s/ Anna J. Brown
                                        ANNA J. BROWN
                                        United States Senior District Judge